UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GABRIELA YEPES,

Plaintiff,

v. CASE NO. 3:26-cv-66-SJH

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.
________________________________/

# MEMORANDUM ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her applications under the Social Security Act ("Act") for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI"). In a decision dated November 20, 2024, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability from January 2, 2023, the amended alleged disability onset date, through the date of decision. Tr. 290–98. For the reasons herein, the Commissioner's decision is **affirmed**.

## I. Standard of Review

Plaintiff appeals the denial of her applications for DIB under Title II of the Act, 42 U.S.C. § 401 *et seq.*, and for SSI under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* The terms of judicial review for each are set by 42 U.S.C. § 405(g). *See* 42 U.S.C.

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.

§ 1383(c)(3) (incorporating § 405(g)).[2] Under § 405(g), judicial review "is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Ohneck v. Comm'r, Soc. Sec. Admin.*, No. 22-13984, 2023 WL 8946613, at *2 (11th Cir. Dec. 28, 2023).[3]

The agency's factual findings are "conclusive" if "substantial evidence" supports them. *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 103 (citation omitted). Though requiring "more than a mere scintilla" of evidence, the threshold for this standard "is not high[,]" *id.* (citation omitted), and does not require a preponderance of the evidence, *Flowers v. Comm'r, Soc. Sec. Admin.*, 97 F.4th 1300, 1309 (11th Cir. 2024); *see also Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015). So long as "the ALJ's decision clears the low evidentiary bar[,]" a reviewing court must affirm even if it "would have reached a different result and even if a preponderance of the evidence weighs against the Commissioner's decision[.]" *Flowers*, 97 F.4th at 1309. A reviewing court may not "decide the facts anew, make credibility determinations, or re-weigh evidence." *Id.* at 1306 (citation omitted); *see also Rodriguez v. Soc. Sec. Admin.*, 118 F.4th

---

[2] The regulations under Title II are located at 20 CFR pt. 404. The regulations under Title XVI are located at 20 CFR pt. 416.

[3] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000); 11th Cir. R. 36-2.

1302, 1315–16 (11th Cir. 2024); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

The same deference does not attach to conclusions of law. *See Flowers*, 97 F.4th at 1304, 1306; *Martin*, 894 F.2d at 1529. A "failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal." *Martin*, 894 F.2d at 1529; *see also Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

On review, "it is proper to read the ALJ's decision as a whole, and ... it would be a needless formality to have the ALJ repeat substantially similar factual analyses[.]" *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1275–76 (11th Cir. 2024) (citations omitted); *see also Martin v. Comm'r of Soc. Sec.*, No. 8:22-cv-1435-JSS, 2023 WL 3644419, at *7 (M.D. Fla. May 25, 2023); *Jesus v. Comm'r of Soc. Sec.*, No. 6:20-cv-1930-EJK, 2022 WL 2293887, at *4 (M.D. Fla. Feb. 9, 2022).

## II. The ALJ's Decision

Under the Act's general statutory definition, a person is considered disabled if unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A).[4] In making a disability determination, the Social Security

[4] Because the definitions of disability under Title II and Title XVI are the same, cases under one statute are generally persuasive as to the other. *See Jones v. Astrue*, No. 3:10-cv-914-J-JBT, 2011 WL 13173806, at *2 n.2 (M.D. Fla. Oct. 17, 2011).

Administration generally uses a five-step sequential process. 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4).[5] The ALJ applied this five-step sequential process. Tr. at 291–98.[6] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 2, 2023, the amended alleged disability onset date. *Id.* at 293. The ALJ found at step two that Plaintiff had "the following severe impairments: disorders of the spine and left knee (20 CFR 404.1520(c) and 416.920(c))." *Id.* (emphasis removed). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or equals a listed impairment. *Id.* The ALJ found that Plaintiff had the following residual functional capacity ("RFC"): "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with no more than frequent climbing, balancing, stooping, kneeling, crouching, crawling." *Id.* (emphasis removed). The ALJ found at step four that Plaintiff was capable of performing past relevant work such that Plaintiff was not under

[5] At step one, the person must show the person is not engaged in substantial gainful activity. At step two, the person must show the person has a severe impairment or combination of impairments. At step three, the person may show the impairment or combination of impairments meets or equals the severity of one of the listings in the appendix of the applicable regulations. Absent such a showing, at step four, the person must show the person cannot perform the person's past relevant work given the person's residual functional capacity ("RFC"). Step five, at which the burden temporarily shifts to the Commissioner, asks whether there are a significant number of jobs in the national economy the person can perform given the person's RFC, age, education, and work experience. If it is determined at any step the person is or is not disabled, the analysis ends without proceeding further. *See* 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4); *Flowers*, 97 F.4th at 1308–09; *Jacob v. Comm'r of Soc. Sec.*, No. 8:22-cv-2435-CEH-TGW, 2024 WL 3548902, at *3–4 (M.D. Fla. July 26, 2024).

[6] The ALJ found Plaintiff meets the insured status requirements through December 31, 2027. *Id.* at 293. Title II of the Act "'provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need.'" *Smith v. Berryhill*, 587 U.S. 471, 475 (2019) (citation omitted). Title XVI of the Act "provides supplemental security income benefits 'to financially needy individuals who are aged, blind, or disabled regardless of their insured status.'" *Id.* (citation omitted).

a disability from the amended alleged onset date through the date of decision. *Id.* at 297.

**III. Discussion**

Plaintiff argues a single issue on appeal, contending that the ALJ failed to adequately develop the record. Doc. 14 at 4–11. More specifically, Plaintiff argues (i) that "the record contained only incomplete summaries, not full treatment notes" from Coastal Spine and Pain Center ("Coastal"); and (ii) that "[t]he ALJ should have obtained an additional consultative examination." *Id.* at 4. Most of Plaintiff's argument is devoted to the Coastal records, *id.* at 4–11, with a mere add-on paragraph arguing as to the additional consultative examination, *id.* at 10. Plaintiff's argument is unpersuasive.

With respect to Plaintiff's main contention concerning records from Coastal, Plaintiff's argument is predicated on this background premise:

> Here, the record did not include full treatment records from the Coastal Spine and Pain Center. Plaintiff testified at the hearing that she had begun treating there in 2021 prior to her application. Tr. 316. She also testified that Dr. Alan Miller prescribed her walker. Tr. 316. Despite this, the full treatment records were missing from the record. Plaintiff's attorney attempted to obtain these records but was unsuccessful in obtaining full treatment notes. Tr. 309. Plaintiff's representative was able to obtain records, but he did not obtain full treatment notes. Instead, he obtained truncated patient care summaries. Tr. 2106-91. These records were extremely limited.

Doc. 14 at 5–6. But this premise misconstrues the record. At the hearing before the ALJ on October 18, 2024, during which Plaintiff was represented by an attorney, the following exchange occurred:

ALJ: Have you had the opportunity to review the proposed Exhibits that are in the electronic folder?

ATTY: Yes ma'am.

ALJ: Okay. Do you have any objection to admitting the proposed Exhibits into the record?

ATTY: I don't have an objection to what's in there, but there was some stuff we did file in the record, and it doesn't appear in the record, but I have confirmation on documents that it was sent and it went, but for some reason … it doesn't show in the record.

ALJ: All right. What is missing?

ATTY: So [she] treated a lot with -- and more recently too is a place called Coastal Spine & Pain Center, and there was two, which was actual medical records, not just -- there's only one entry in Section F under Coastal Spine & Pain Center now, which is Exhibit 11F, and it's only four pages. It's not really the medical record, but I went back and looked at everything my assistant filed for Coastal and there were several -- I have the two days -- there were several records filed on April 3rd, 2024 and May 14th, 2024, which shows they went. They were uploaded, but for some reason, they don't appear to be in Section F of the docket.

ALJ: You can always resubmit them. I'll give you -- how much time do you need to resubmit those?

…

ATTY: A couple days.

ALJ: How much time do you -- couple days?

ATTY: Yeah, like by next Friday. I mean today I'm busy in the afternoon, but next week we can have them --

ALJ: Okay. I can certainly give you a week to submit those.

ATTY: Okay.

ALJ: Is that -- other than that, sir, is the record complete?

> …
>
> ALJ: … Anything else?
>
> ATTY: I think that was it.
>
> ALJ: Okay. All right. So there's nothing else outstanding other than what you're going to be submitting sometime within the next week?
>
> ATTY: Yes ma'am.
>
> …

Tr. at 308–311; *see also id.* at 328 (confirming before closing that counsel for Plaintiff "will get those records filed from Coastal Spine & Pain" and that the ALJ would look at whatever counsel for Plaintiff filed and either render a decision or, if she had additional questions, schedule a second hearing).

Consistent with the foregoing discussion at the hearing, while Exhibit 11F contains only a few pages of records from Coastal, *id.* at 1342–45, a supplemental exhibit contains more than eighty pages of records from Coastal, which are explicitly referenced and discussed in the ALJ's decision, *id.* at 295, 304, 2106–2191.

To summarize, Plaintiff's brief misconstrues the record. Contrary to Plaintiff's representation, page 309 of the transcript does not at all reflect that "Plaintiff's attorney attempted to obtain [full treatment records from Coastal] but was unsuccessful in obtaining full treatment notes." Doc. 14 at 5–6. Rather, the hearing transcript reflects: (i) that Plaintiff's attorney represented to the ALJ that the records from Coastal *then on file* were incomplete but that Plaintiff's counsel *had* the treatment records (including the "actual medical records") from Coastal and had tried unsuccessfully to file them;

(ii) the ALJ held open the record to allow for the filing of the Coastal records as requested by Plaintiff's attorney; (iii) Plaintiff's attorney represented that upon the filing of such records from Coastal the record would be complete; and (iv) Plaintiff's attorney thereafter filed more than 80 pages of supplemental hearing records from Coastal, which the ALJ in turn reviewed and considered in rendering a decision. Tr. at 295, 304, 308–311, 2106–2191.

As such, Plaintiff's primary argument—that the ALJ erred in not further developing the record because the Coastal records discussed at the hearing and thereafter filed by her attorney with the representation that such would complete the record were actually incomplete and "extremely limited" and "truncated"—collapses. Assuming *arguendo* that counsel for Plaintiff either failed to provide complete medical records as promised or misstated the completeness of what was ultimately provided, the result is the same—no reversable error. *See* 20 C.F.R. § 404.1516; 20 C.F.R. § 419.916; *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) ("[T]he record reveals that the ALJ did attempt to develop the medical record by requesting on two occasions that Ellison furnish him with the 1999 and 2000 medical records, but Ellison failed to do so. Thus, Ellison is not entitled to relief on his contention that the ALJ failed to adequately develop the medical record."); *see also Klarner v. Comm'r of Soc. Sec.*, No. 24-11613, 2025 WL 1753548, at *11 (11th Cir. June 25, 2025) ("Moreover, her representative stated twice that he had reviewed the present claims file and there was no outstanding evidence that needed to be considered. Consequently, at best, any alleged error [in failing to develop the record] was invited."); *Williams v. Comm'r, Soc.*

*Sec. Admin.*, 703 F. App'x 780, 783 (11th Cir. 2017) ("[A]t Williams's hearing the ALJ asked her attorney whether the record contained everything that Williams wanted the ALJ to consider. Williams's attorney answered that it did (with the exception of an unrelated record). The ALJ therefore fulfilled his duty to develop the medical record."); *Larry v. Comm'r of Soc. Sec.,* 506 F. App'x 967, 969 (11th Cir. 2013) ("At the hearing, his attorney supplied the ALJ with additional records, and the ALJ stated that he had medical records dating through 2008. The ALJ then specifically asked Mr. Larry if he had any additional exhibits, and his attorney replied that the record was complete. Thus, any alleged error the ALJ may have made in not obtaining more recent medical records was invited."); *Jervis v. Bisignano*, No. 8:24-cv-2751-AEP, 2026 WL 522989, at *5 (M.D. Fla. Feb. 25, 2026) ("Where the ALJ inquires whether the record is complete and the claimant's counsel replies that it is, the ALJ satisfies their duty to develop the record. When that occurs, 'any alleged error the ALJ may have made in not obtaining more recent medical records was invited.'" (citations omitted)).

Plaintiff's add-on contention, confined to a paragraph of her merits brief, that the ALJ was required to obtain an additional consultative examination, likewise fails. Doc. 14 at 10. The ALJ "has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision." *Ingram*, 496 F.3d at 1269; *see also Ferrell v. Comm'r of Soc. Sec.*, No. 25-11600, 2026 WL 308862, at *2 (11th Cir. Feb. 5, 2026) ("While the Commissioner 'has a duty to develop the record where appropriate,' there is no requirement 'to order a consultative examination as long as

the record contains sufficient evidence' to support 'an informed decision.'" (citations omitted)); *Castle v. Colvin*, 557 F. App'x 849, 852 (11th Cir. 2014) ("The district court erred in concluding that the ALJ's RFC finding was not supported by substantial evidence. On the contrary, the record was fully and fairly developed, and a consultative examination was unnecessary.").

Here, though inartful and difficult to follow, it appears that Plaintiff bases her argument for an additional consultative examination on two grounds: (i) that the medical records were incomplete and insubstantial, primarily because they did not include the "full" Coastal records; and (ii) most of the medical evidence, including the consultative examination, preceded the amended alleged onset date. *See* Doc. 14 at 10; *see also* Doc. 16 at 2, 4.

To the extent Plaintiff rehashes the argument from above—that the medical record was insufficient because it contained only summaries and not full treatment records from Coastal—it fails for the reasons previously discussed.

To the extent Plaintiff's briefs could be construed to suggest otherwise, the ALJ was not required to base the RFC on a particular medical opinion. *See, e.g.*, *Hamilton v. Bisignano*, No. 8:25-cv-235-CPT, 2026 WL 864914, at *4 (M.D. Fla. Mar. 30, 2026); *Riley v. Comm'r of Soc. Sec.*, No. 6:22-cv-1415-DCI, 2023 WL 2894366, at *3–4 (M.D. Fla. Apr. 11, 2023); *Frank v. Comm'r of Soc. Sec.*, No. 2:20-cv-962-SPC-NPM, 2022 WL 598036, at *8 (M.D. Fla. Feb. 10, 2022), *report and recommendation adopted*, 2022 WL 596833 (M.D. Fla. Feb. 25, 2022). Nor, to the extent Plaintiff's briefs could be construed to suggest otherwise, is evidence predating the amended alleged onset date

(which was amended to account for Plaintiff's substantial gainful activity) categorically irrelevant. *See* 20 C.F.R. § 404.1520(a)(3); 20 C.F.R. § 416.920(a)(3); *see also Frost v. Comm'r of Soc. Sec.*, No. 6:24-cv-2024-LHP, 2025 WL 2841133, at *5 (M.D. Fla. Oct. 7, 2025); *Clowers v. Colvin*, No. 2:14-cv-1380-SLB, 2015 WL 3554664, at *8 (N.D. Ala. June 5, 2015).

Here, the ALJ fully discussed and properly considered the medical records, Plaintiff's testimony, Plaintiff's activities of daily living (including substantial gainful activity through January 2023), and Plaintiff's conservative and minimal treatment since the amended alleged onset date. Tr. at 293–297. Moreover, Plaintiff does not argue that the medical evidence that was properly reviewed and considered by the ALJ was complex (rather, Plaintiff unpersuasively argues it was incomplete). And the ALJ's commonsense judgments (including based on Plaintiff's medical records, minimal treatment, and activities of daily living) were readily within the ALJ's purview. *See, e.g.*, *Castle*, 557 F. App'x at 852–54; *Hidalgo v. Bisignano*, No. 24-cv-24746, 2026 WL 244638, at *10–11 (S.D. Fla. Jan. 14, 2026), *report and recommendation*, 2026 WL 242718 (S.D. Fla. Jan. 29, 2026); *Moore v. Kijakazi*, No. 8:23-cv-206-AAS, 2023 WL 8187216, at *7–9 (M.D. Fla. Nov. 27, 2023).

In short, for the reasons discussed above, the ALJ did not err by failing to develop the record. But even if the ALJ had failed to fully develop the record—which, as discussed, the ALJ did not—any such error does not merit remand absent prejudice. *See Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) ("However, there must be a showing of prejudice before it is found that the claimant's right to due process has been

violated to such a degree that the case must be remanded to the Secretary for further development of the record. The court should be guided by whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" (internal citations omitted)); *see also Childers v. Soc. Sec. Admin., Comm'r*, 521 F. App'x 809, 815 (11th Cir. 2013) ("Whether or not a claimant is represented by counsel, an ALJ has a duty to develop a full and fair record. Failure to fulfill this duty, however, only necessitates a remand if 'the record reveals evidentiary gaps which result in unfairness or clear prejudice.'" (citations omitted)). Speculation is insufficient to demonstrate prejudice. *See Estes v. Comm'r of Soc. Sec.*, No. 2:20-cv-225-JLB-NPM, 2021 WL 4822599, at *5 (M.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, 2021 WL 3910134 (M.D. Fla. Sept. 1, 2021); *see also Ferrell*, 2026 WL 308862, at *2; *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985). Here, Plaintiff's arguments are impermissibly speculative. *See Ferrell*, 2026 WL 308862, at *2; *Kelley*, 761 F.2d at 1540; *Estes*, 2021 WL 4822599, at *5.

Finally, as discussed above, the ALJ asked about additional evidence at the hearing, and Plaintiff's attorney made no mention of or request for an additional consultive examination. This further demonstrates a lack of prejudice (and may even preclude Plaintiff's argument as to a consultive examination, as it does with respect to Plaintiff's argument concerning the Coastal records). *See Ferrell*, 2026 WL 308862, at *2; *Jervis*, 2026 WL 522989, at *5–6.

## IV. Conclusion

Accordingly, it is **ordered**:

1. The Commissioner's decision is **affirmed**; and

2. The Clerk of Court is **directed** to enter judgment in favor of Defendant and to close this file.

**DONE AND ORDERED** in Jacksonville, Florida, on November 10, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record